# Civil Cover Sheet (JS-44)

**1. (a) Plaintiff:** Aaron James
1608 Lindley Ave, Philadelphia, PA 19141, Phone: 267-365-5200, Email: Ajames1608@icloud.com

**1. (b) Defendant:** Philadelphia Family Court, DHS-TANF Division, Miss James, Officer B.J.C., and Unknown Agents

**2. Basis of Jurisdiction:** 1 (Federal Question)

**3. Citizenship of Parties:** Not applicable

**4. Nature of Suit:** 440 Civil Rights – Other

**5. Origin:** 1 Original Proceeding

**6. Cause of Action:** 42 U.S.C. § 1983 – Due Process & Retaliation

**7. Requested in Complaint:** Yes – $14,700 + $10,000 emotional distress + injunctive relief

**8. Signature:** Aaron James, Pro Se

Date: 11-13-2025

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**AARON JAMES**
**Plaintiff,**

v.

**PHILADELPHIA FAMILY COURT,**
**DEPARTMENT OF HUMAN SERVICES – TANF DIVISION,**
**CHILD SUPPORT AGENT MISS JAMES,**
**CHILD SUPPORT OFFICER B.J.C.,**
**and UNKNOWN EMPLOYEES AND AGENTS,**
**Defendants.**

Civil Action No. _____

# COMPLAINT FOR VIOLATION OF DUE PROCESS AND CIVIL RIGHTS (42 U.S.C. § 1983)

I. JURISDICTION AND VENUE 1. This action arises under the Constitution and laws of the United States, including 42 U.S.C. § 1983. 2. Jurisdiction is proper under 28 U.S.C. § 1331 (federal question jurisdiction). 3. Venue is proper in the Eastern District of Pennsylvania under 28 U.S.C. § 1391 because the defendants reside in and the events occurred within Philadelphia County. II. PARTIES 4. Plaintiff Aaron James is an adult resident of Philadelphia County, Pennsylvania. 5. Defendants include the Philadelphia Family Court, Department of Human Services – TANF Division, Child Support Agent Miss James, Child Support Officer B.J.C., and unknown employees and agents acting under color of state law. III. FACTS 6. Plaintiff is a party to child support proceedings in the Philadelphia Family Court, PACSES Case No. 691114895, administered by the Department of Human Services – TANF Division. 7. On October 1, 2024, while Plaintiff was unemployed and awaiting clearance for employment with the City of Philadelphia, Child Support Officer B.J.C. increased Plaintiff's child support order from $660 to $1,050 per month without a hearing or notice. 8. This increase occurred without affording Plaintiff an opportunity to be heard, violating his Fourteenth Amendment right to due process. 9. Plaintiff is employed part-time, earning $15.50/hour for 14–28 hours weekly, bringing home between $175 and $370. 10. The agency garnished $253 weekly, leaving Plaintiff less than $100 and causing hardship. 11. DHS-TANF seized funds totaling $14,700 without due process: $3,800 (2022 tax), $7,500 (2024 unemployment), and $3,400 (2024 tax). 12. Petitions to modify were returned attached to a 15-year-old closed case, denying Plaintiff access to review. 13. On October 21, 2025, Child Support Agent Miss James ordered a contempt hearing against Plaintiff for asserting his rights. 14. On the same date, the agency told the children's mother that seized funds were on hold pending review. 15. On November 11, 2025, Plaintiff's employer informed him a second, higher garnishment was issued; DHS refused to issue a letter acknowledging his challenge. 16. Plaintiff faces a contempt hearing on November 25, 2025, arising from retaliation for exercising his rights. IV. CLAIMS FOR RELIEF Count I – Due Process Violation (Fourteenth Amendment; 42 U.S.C. § 1983) Defendants deprived Plaintiff of property and liberty without due process of law. Count II – Retaliation for Exercising Constitutional Rights (First & Fourteenth Amendments) Defendants retaliated against Plaintiff for asserting his rights and challenging unlawful garnishments. Count III – Continuing Deprivation and Financial Harm Defendants' ongoing garnishments and contempt actions constitute continued violations of Plaintiff's rights. V. RELIEF

REQUESTED Plaintiff respectfully requests: a. Declaration that Defendants violated his constitutional rights; b. Injunction stopping unlawful garnishments, contempt, and offsets; c. Reimbursement of $14,700 unlawfully seized; d. Suspension/modification of current garnishment; e. $10,000 for emotional distress and hardship; f. Costs and additional relief as deemed proper; g. Immediate injunction staying the November 25, 2025 contempt hearing. Respectfully submitted,

---

**Aaron James, Pro Se**
1608 Lindley Ave
Philadelphia, PA 19141
Phone: 267-365-5200
Email: Ajames1608@icloud.com
D.O.B: 08/18/1968
Date: 11-13-2025

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

AARON JAMES,
Plaintiff,

v.

PHILADELPHIA FAMILY COURT,
DEPARTMENT OF HUMAN SERVICES – TANF DIVISION,
CHILD SUPPORT AGENT MISS JAMES,
CHILD SUPPORT OFFICER B.J.C.,
and UNKNOWN EMPLOYEES AND AGENTS,
Defendants.

Civil Action No. _____

_____

[PROPOSED] ORDER GRANTING TEMPORARY RESTRAINING ORDER (TRO)

Upon consideration of Plaintiff Aaron James' Motion for Temporary Restraining Order, the Court finds that:
1. Plaintiff has demonstrated immediate and irreparable harm if the contempt hearing scheduled for November 25, 2025 proceeds;
2. Plaintiff has shown a likelihood of success on the merits of his underlying federal civil rights claims;
3. The balance of equities favors granting the requested relief; and
4. The public interest supports the issuance of a TRO to protect constitutional rights.

IT IS HEREBY ORDERED that:
1. Defendants, including the Philadelphia Family Court, DHS-TANF, and their agents, are temporarily enjoined from conducting or enforcing any contempt proceedings against Plaintiff Aaron James in PACSES Case No. 691114895, including the hearing scheduled for November 25, 2025;
2. This Temporary Restraining Order shall remain in effect until further order of this Court or until a hearing is held on a Preliminary Injunction;
3. Defendants shall not take any retaliatory action against Plaintiff arising from his assertion of rights under the Constitution and federal law;
4. The Court may modify or extend this Order upon motion of any party or sua sponte;
5. Plaintiff is not required to post a bond due to financial hardship and In Forma Pauperis status.

SO ORDERED this ___ day of _____, 2025.

_____

_____
UNITED STATES DISTRICT JUDGE