IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

AARON JAMES,                          :
    Plaintiff,                      :
                                    :
    v.                              :     CIVIL ACTION NO. 25-CV-6455
                                    :
PHILADELPHIA FAMILY COURT,            :
*et al.*,                             :
    Defendants.                     :

## MEMORANDUM

**WEILHEIMER, J.**                                  **NOVEMBER   2025**

Aaron James has filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against the Philadelphia Family Court, several of its employees, and the Department of Human Services – TANF Division[1] seeking temporary and permanent injunctive relief and money damages based on court-ordered child support obligations, garnishments, and scheduled contempt proceedings. James also seeks leave to proceed *in forma pauperis* and to block a hearing in state court scheduled for November 25, 2025. For the following reasons, leave to proceed *in forma pauperis* will be granted, the Complaint will be dismissed, and the motion for temporary restraining order will be denied.

## I.    FACTUAL ALLEGATIONS[2]

James's allegations are brief. He asserts that he is a party to child support proceedings in the Family Court, administered by the TANF Division. (Compl. at 2.) On October 1, 2025,

---

[1] Although not entirely clear "TANF Division" appears to be a reference to the Temporary Assistance for Needy Families program of the Pennsylvania Department of Human Services. See https://www.pa.gov/agencies/dhs/resources/cash-assistance/tanf (last viewed Nov. 18, 2025).

[2] The factual allegations are taken from James's Complaint (ECF No. 2). The Court adapts to sequential pagination supplied by the CM/ECF docketing system to all *pro se*

while awaiting a decision on an unemployment benefits claim, Defendant Child Support Officer

B.J.C. increased his child support obligation from $660 to $1,025 per month without a hearing or

notice, which he claims violated his due process rights. (*Id.*) The agency garnished $253 from

his weekly pay, leaving him with less than $100, causing him hardship. (*Id.*) The agency has

seized funds totaling $14,700 from his anticipated tax refunds, and unemployment benefits. (*Id.*)

On October 21, 2025, Defendant Child Support Agent Miss James "ordered a contempt

hearing against [him] for asserting his rights." (*Id.*) The agency told his children's mother that

seized funds were on hold pending review. (*Id.*) On November 11, 2025, James's employer

informed him that a second, higher garnishment was issued and "DHS refused to issue a letter

acknowledging his challenge." (*Id.*) He still faces a contempt hearing and asserts claims for due

process violations, retaliation, and a "continuing deprivation and financial harm" resulting from

the ongoing garnishments and contempt proceedings. (*Id.*) As relief, James seeks a declaration

that his rights have been violated,[3] an injunction stopping the garnishments, offsets, and

contempt proceedings, reimbursement of the $14,700, and money damages. (*Id.* at 3.) He

specifically seeks to enjoin the November 25 contempt hearing. (*Id.*)

---

submissions. Where the Court quotes from the Complaint, punctuation, spelling, and
capitalization errors will be cleaned up as needed.

[3] This form of relief is dismissed with prejudice. Declaratory relief is unavailable to
adjudicate past conduct, so James's request for this declaratory relief is improper. *See Corliss v.
O'Brien*, 200 F. App'x 80, 84 (3d Cir. 2006) (*per curiam*) ("Declaratory judgment is
inappropriate solely to adjudicate past conduct" and is also not "meant simply to proclaim that
one party is liable to another."); *see also Andela v. Admin. Office of U.S. Courts*, 569 F. App'x
80, 83 (3d Cir. 2014) (*per curiam*) ("Declaratory judgments are meant to define the legal rights
and obligations of the parties in the anticipation of some future conduct."). A declaratory
judgment is also not "meant simply to proclaim that one party is liable to another." *Corliss*, 200
F. App'x at 84 (*per curiam*); *see also Taggart v. Saltz*, No. 20-3574, 2021 WL 1191628, at *2
(3d Cir. Mar. 30, 2021) (*per curiam*) ("A declaratory judgment is available to define the legal
rights of the parties, not to adjudicate past conduct where there is no threat of continuing
harm.").

James also filed a Motion for Temporary Restraining Order (ECF No. 3) reiterating the facts about his child support obligations, garnishments, offsets, and the scheduled hearing. (*Id.* at 1.) He asserts he will likely succeed on the merits of his claims and will suffer irreparable harm from the scheduled contempt hearing because he may be incarcerated, suffer financial damage, and retaliation for exercising his constitutional rights. (*Id.* at 2.) He asserts the balance of the equities and the public interest favor granting him relief. (*Id.*)

## II.    STANDARD OF REVIEW

The Court grants James leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). At this early stage of the litigation, the Court will accept the facts alleged in the *pro se* complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether the complaint contains facts sufficient to state a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

Because James is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239,

244-45 (3d Cir. 2013)). The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.* However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Id.* (quoting *Mala*, 704 F. 3d at 245). An unrepresented litigant "cannot flout procedural rules — they must abide by the same rules that apply to all other litigants." *Id.*; *see also Doe v. Allegheny Cnty. Hous. Auth.*, No. 23-1105, 2024 WL 379959, at *3 (3d Cir. Feb. 1, 2024) ("While a court must liberally construe the allegations and 'apply the applicable law, irrespective of whether the pro se litigant mentioned it be name,' *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002), this does not require the court to act as an advocate to identify any possible claim that the facts alleged could potentially support.").

Moreover, a complaint may be dismissed for failing to comply with Federal Rule of Civil Procedure 8. *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019). To conform to Rule 8, a pleading must contain a short and plain statement showing that the plaintiff is entitled to relief. *See Travaline v. U.S. Supreme Court*, 424 F. App'x 78, 79 (3d Cir. 2011). The United States Court of Appeals for the Third Circuit explained that, in determining whether a pleading meets Rule 8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by these defendants' in regard to the plaintiff's claims." *Garrett*, 938 F.3d at 93 (citation omitted). A pleading may still satisfy the "plain" statement requirement "even if it is vague, repetitious, or contains extraneous information" and "even if it does not include every name, date, and location of the incidents at issue." *Id.* at 93-94. The important consideration for the Court is whether, "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94.

However, "a pleading that is so 'vague or ambiguous' that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8." *Id.* at 93; *see also Fabian v. St. Mary's Med. Ctr.*, No. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) ("Federal Rule of Civil Procedure 8 requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue.") (quotations omitted). In other words, "[a] complaint must contain sufficient clarity to avoid requiring a district court or opposing party to forever sift through its pages in search of the nature of the plaintiff's claim." *Prelle v. United States by Prelle*, No. 22-1453, 2022 WL 16958896, at *1 (3d Cir. Nov. 16, 2022) (*per curiam*) (internal quotations and citations omitted). Dismissals under Rule 8 are "reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Garrett*, 938 F.3d at 94 (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)).

## III.    DISCUSSION

James asserts constitutional claims against the Defendants. The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

### A.    Philadelphia Family Court – Money Damages

James has named the Philadelphia Family Court as a Defendant. The Family Court is a division of the Philadelphia Court of Common Pleas and is, accordingly, part of Pennsylvania's unified judicial system and an agency of the Commonwealth. *See Benn v. First Judicial Dist. of*

5

*Pa.*, 426 F.3d 233, 241 (3d Cir. 2005). The Commonwealth is not considered a "person" for purposes of § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989). Furthermore, the Eleventh Amendment bars suits against a state and its agencies in federal court that seek monetary damages. *See Pennhurst State Sch. And Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984); *A.W. v. Jersey City Public Schs.*, 341 F.3d 234, 238 (3d Cir. 2003). The Commonwealth of Pennsylvania has not waived that immunity. *See* 42 Pa. Cons. Stat. § 8521(b). As part of the unified judicial system, the Philadelphia Family Court shares in the Commonwealth's Eleventh Amendment immunity. *Benn*, 426 F.3d at 241. Accordingly, claims for money damages against the Philadelphia Family Court are barred by the Eleventh Amendment and dismissed with prejudice.

### B. Injunctive Relief Against All Defendants

To the extent James seeks injunctive relief in the form of an order from this Court halting the contempt proceedings, the Court must abstain from deciding these issues. It is a longstanding principle that "federal courts are obliged to decide cases within the scope of federal jurisdiction." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013). However, the abstention doctrine of *Younger v. Harris*, 401 U.S. 37 (1971) "reflects a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." *Wattie-Bey v. Att'y Gen.'s Off.*, 424 F. App'x 95, 96 (3d Cir. 2011) (quoting *Gwynedd Props., Inc. v. Lower Gwynedd Twp.*, 970 F.2d 1195, 1199 (3d Cir. 1992)). "Accordingly, 'in certain circumstances, district courts must abstain from exercising jurisdiction over a particular claim where resolution of that claim in federal court would offend principles of comity by interfering with an ongoing state proceeding.'" *Id.* at 96-97 (quoting *Lazaridis v. Wehmer*, 591 F.3d 666, 670 (3d Cir. 2010)). "[F]or *Younger* abstention to apply, the ongoing

6

state proceeding must fit into at least one of three categories: (1) state criminal prosecutions; (2) certain quasi-criminal civil enforcement proceedings; or (3) 'civil proceedings involving certain orders uniquely in furtherance of the state courts' ability to perform their judicial functions.'" *Shallenberger v. Allegheny Cnty.*, No. 20-73, 2020 WL 1465853, at *6 (W.D. Pa. Mar. 26, 2020) (citing *Sprint*, 571 U.S. at 78).

The request for injunctive relief related to the scheduled contempt hearing falls within the third category of exceptional cases. The third category "requires that the state's interest in maintaining the proceeding in question uninterrupted by the federal judiciary be 'of sufficiently great import.'" *Mikhail v. Kahn*, 991 F. Supp. 2d 596, 627 (E.D. Pa. 2014) (citing *Juidice v. Vail*, 430 U.S. 327, 335 (1977)). The contempt proceedings that James seeks to enjoin here are of great import and his requested injunction would disrupt them. State court proceedings dealing with contempt of custody and support orders are also unique to the state court's ability to perform its judicial functions. *See Smith & Wesson Brands, Inc. v. Att'y Gen. of New Jersey*, 27 F.4th 886, 894 (3d Cir. 2022) (stating that the United States Supreme Court has applied the third category to cases involving "'challenges to the processes by which the State compels compliance with the judgments of its courts'"). *See also Zurich Am. Ins. Co. v. Superior Ct. for State of California*, 326 F.3d 816, 825 (7th Cir. 2003) ("Instead of an injunction by the federal district court, the aggrieved party's recourse is by appeal through the state court system and, ultimately, to the Supreme Court.").

"Once a federal court has determined that there are state proceedings bearing the appropriate character, the court must then consider whether three conditions are met to determine whether *Younger* applies: 1) there is an ongoing state judicial proceeding; 2) the proceeding implicates important state interests; and 3) the plaintiff has an adequate opportunity in the state

proceeding to raise constitutional issues." *G.S. v. Rose Tree Media Sch. Dist.*, 393 F. Supp. 3d

420, 425 (E.D. Pa. 2019) (citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457

U.S. 423, 432 (1982)). "The three *Middlesex* conditions are not dispositive, but are 'additional

factors appropriately considered by the federal court before invoking *Younger*.'" *Id.* (citing

*Sprint*, 571 U.S. at 81).

The Court finds that the *Middlesex* conditions weigh in favor of invoking the *Younger*

doctrine. First, there are ongoing state judicial proceedings relating to this matter – the same

contempt proceedings James seeks to interrupt. Second, as described above, the proceeding

implicates important state interests, as the state has a strong interest in protecting the integrity of

its judicial proceedings, addressing contumacious behavior, and ensuring compliance with

judicial decisions. Third, James has an adequate opportunity in the state proceeding to raise his

due process claims, to argue in state court that he should not be held in contempt, as well as to

argue that the garnishments, offsets, and ongoing child support obligations should be vacated.

Finally, given the undeveloped nature of James's allegations, discussed next, no plausible

exception to the *Younger* doctrine is applicable here. *Schall v. Joyce*, 885 F.2d 101, 106 (3d Cir.

1989) (citing *Middlesex Cnty. Ethics Comm.*, 457 U.S. at 435) ("Even when these [three

*Younger*] requirements are met, it is inappropriate to abstain . . . if the plaintiff establishes that

'(1) the state proceedings are being undertaken in bad faith or for purposes of harassment or (2)

some other extraordinary circumstances exist, such as proceedings pursuant to a flagrantly

unconstitutional statute, such that deference to the state proceeding will present a significant and

immediate potential for irreparable harm to the federal interests asserted.'"). Accordingly, the

Court will not address the request for injunctive relief.[4]

### C.    Claims Against Commonwealth Employees

James also seeks money damages from Miss James, and B.J.C., who are identified as a

child support agent and child support officer respectively, as well as unknown employees and

agents. Without providing any background information or context, James alleges that Defendant

Child Support Officer B.J.C. increased his child support obligation from $660 to $1,025 per

month and Miss James ordered a contempt hearing in retaliation "for asserting his rights."

(Compl. at 1.)

James's claims against these Defendants cannot proceed as pled because they are

undeveloped and fail to present cognizable legal claims to which a defendant can respond on the

merits. Without additional information about the nature of Child Support Officer B.J.C.'s

authority or lack thereof to order a change in James's child support obligation, and any

information about how Miss James allegedly retaliated against him, the Court cannot conclude

that his claims are plausible.[5] Rather, to proceed with his claims, James must file an amended

---

[4] Because the Court concludes that none of James's claims are plausible, he has also
failed to demonstrate he will likely succeed on the merit in order to be granted any form of
preliminary injunctive relief. *See Winter v. NRDC, Inc.*, 555 U.S. 7, 20 (2008) ("A plaintiff
seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he
is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of
equities tips in his favor, and that an injunction is in the public interest.").

[5] In order to state a plausible First Amendment retaliation claim, a plaintiff must allege
that: (1) he engaged in constitutionally protected conduct; (2) he suffered an adverse action
sufficient to deter a person of ordinary firmness from exercising his constitutional rights; and (3)
the constitutionally protected conduct was "a substantial or motivating factor" for the adverse
action. *See Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001); *Mitchell v. Horn*, 318 F.3d 523,
530 (3d Cir. 2003); *Coit v. Garman*, 812 F. App'x 83, 86 (3d Cir. 2020) (*per curiam*). "An
adverse consequence 'need not be great in order to be actionable[;]' rather, it need only be 'more
than *de minimis*.'" *Watson v. Rosum*, 834 F.3d 423, 423 (3d Cir. 2016) (quoting *McKee v. Hart*,

complaint setting forth a short plain statement of his claim with sufficient clarity to permit the Court and the Defendants to understand the nature of his claim. Cognizant of James's *pro se* status, the Court will grant him an opportunity to flesh out his allegations by explaining in an amended complaint the "'who, what, where, when and why' of [his] claim." *See Davis v. Internal Revenue Serv.*, No. 21-4728, 2022 WL 407639, at *3 (E.D. Pa. Feb. 9, 2022); (citing *Gambrell v. S. Brunswick Bd. of Educ.*, No. 18-16359, 2019 WL 5212964, at *4 (D.N.J. Oct. 16, 2019)). An appropriate Order follows with instructions on filing an amended complaint.

BY THE COURT:

GAIL A. WEILHEIMER, J.

---

436 F.3d 165, 170 (3d Cir. 2006)) (alterations in original). The timing of the allegedly retaliatory behavior relative to the constitutionally protected conduct may establish a causal link between the two for purposes of establishing motivation. *Id.* at 422; *see also Oliver v. Roquet*, 858 F.3d 180, 195 (3d Cir. 2017) ("Absent supporting facts that make it reasonable to draw an inference of retaliation, [] conclusory assertions of a cause-and-effect relationship between specific protected activities and a later adverse action are insufficient to plead causation.").